AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

United States of America
v.

VICTOR ALBERTO MUZQUIZ-SALUM

*Defendant(s)*

Case No. SA:20-MJ-959

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of June 9, 2020 in the county of Kendall in the Western District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(5) | Possession of a firearm by an illegal alien |
| | PENALTIES: Maximum 10 years imprisonment, maximum $250,000 fine, maximum 3 years supervised release, and $100 mandatory special assessment |

This criminal complaint is based on these facts:

See Attached Affidavit

☒ Continued on the attached sheet.

*Complainant's signature*

Tristan E. Hyland, FBI Special Agent
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: August 4, 2020

*Judge's signature*

City and state: San Antonio, Texas

Henry J. Bemporad, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Tristan E. Hyland, being duly sworn, do hereby state as follows:

### INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) in San Antonio, Texas, and have been so employed in that capacity since November 2019. I am currently assigned to the San Antonio Joint Terrorism Task Force (JTTF), Domestic Terrorism Squad. Prior to joining the FBI, I was employed as a Sergeant with the Metropolitan Police Department of the District of Columbia (MPDC) for approximately eight years.

2. I am familiar with the circumstances of the offenses described in this affidavit through a combination of personal knowledge of the facts, discussion with other law enforcement officials, and other investigative activities conducted and investigative materials obtained during the investigation.

3. I make this affidavit in support of an application for issuance of a criminal complaint and arrest warrant for Victor Alberto MUZQUIZ-Salum for a violation of 18 U.S.C. § 922(g)(5).

### STATEMENT OF FACTS

4. On June 9, 2020, Texas Department of Public Safety (TXDPS) Trooper John Moorman conducted a traffic stop on a white Ford Explorer on IH-10W, in Kendall County, Texas, for speeding. Trooper Moorman identified the driver by his Texas driver's license as Victor Alberto MUZQUIZ-Salum.

1

5. During the traffic stop, Trooper Moorman asked MUZQUIZ if there were any weapons in his vehicle. MUZQUIZ denied having any firearms in the vehicle, but stated that there was a machete in the vehicle, which he claimed to use in the course of his employment. After detecting an odor of marijuana, Trooper Moorman asked MUZQUIZ if there were any drugs or drug paraphernalia in the vehicle. MUZQUIZ denied having any such items, but gave Trooper Moorman verbal consent to search his vehicle.

6. After Trooper Moorman proceeded with the search of the Explorer, MUZQUIZ alerted him to the fact that he had an "AK-47" underneath a seat in the vehicle and a "40 Smith and Wesson" in a bag in the vehicle.

7. Trooper Moorman then asked MUZQUIZ if he was residing in the United States legally, to which MUZQUIZ replied that he was currently on a work visa and living in the country under the Deferred Action for Childhood Arrivals (DACA) program. After this exchange, Trooper Moorman continued the search of the vehicle and ultimately located both firearms.

8. In addition to the firearms, Trooper Moorman found approximately 2.4 grams of Methamphetamine and a digital scale. Based upon this, MUZQUIZ was placed under arrest for Possession of a Controlled Substance and transported to the Kendall County Sheriff's Office. Both of the firearms were seized and taken into custody of Trooper Moorman at that time.

9. When Trooper Moorman first stopped MUZQUIZ, he saw that MUZQUIZ had a limited validity license, which had expired on April 1, 2020. For aliens other than legal permanent residents (i.e., green card holders), including DACA recipients, DPS normally ties the expiration of their Texas driver's license to the expiration of their lawful immigration status. Consequently, the April 1, 2020 expiration date was an indication that MUZQUIZ's immigration status had expired. Trooper Moorman contacted the Immigration and Customs Enforcement (ICE)

Command Center to ascertain the legal status of MUZQUIZ. The ICE Command Center informed Trooper Moorman that MUZQUIZ did not have a legal status in the United States and made arraignments for FBI law enforcement partners to meet with and interview MUZQUIZ.

10. FBI Task Force Officers (TFOs) Hans Momberger, Justin Granberry, and Enrique Alcantara interviewed MUZQUIZ at the Kendall County Jail on June 9, 2020. MUZQUIZ was advised of and waived his Miranda rights via an FBI Advice of Rights form.

11. During the interview, MUZQUIZ stated that he is a Mexican citizen illegally residing in the United States. MUZQUIZ provided copies of his Social Security card, an expired Department of Homeland Security (DHS) Employment Authorization card, and a Mexican Consular identification card. MUZQUIZ was also in possession of an un-submitted application to renew his DACA status, which included documentation of his two prior arrests.

12. MUZQUIZ claimed to have purchased both firearms via private sales from individuals, with the pistol being purchased in 2016 and the rifle in 2017. MUZQUIZ stated he had a bill of sale for the pistol in his vehicle.

13. On June 10, 2020, TFO Momberger conducted checks of MUZQUIZ in the U.S. DHS immigration indices via the ICE Law Enforcement Support Center (LESC). Checks of the Treasury Enforcement Communications System (TECS), SQ94 module, revealed that on or about December 6, 1999, MUZQUIZ was lawfully admitted to the United States as a B-2 non-immigrant visitor at or near Del Rio, Texas. MUZQUIZ was permitted to remain in the country until June 5, 2000. There is no record in DHS immigration indices establishing that MUZQUIZ applied for or received an extension of his lawful admission to the United States or departed as required.

14. Research of the DHS Central Index System (CIS), the official index of Alien Registration Numbers, showed that MUZQUIZ is a native and citizen of Mexico, assigned alien

registration number A-xxx-xxx-063 pursuant to an application for a grant of deferred action under the DACA program. DHS records (ELIS2) and CIS show MUZQUIZ was granted DACA on three occasions: August 15, 2013 through August 14, 2015; September 1, 2015 through August 31, 2017; and April 2, 2018 through April 1, 2020. There is no record in DHS immigration indices that MUZQUIZ applied for or received any subsequent DACA grant.

15. On June 17, 2020, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent Moises Maldonado conducted an ATF Interstate Nexus examination of the firearms from MUZQUIZ's vehicle. SA Maldonado described the firearms as:

- Century Arms Inc., model M70ABM, 7.62 x 39 mm caliber rifle, SN: NCE1001027
- Smith and Wesson, model SD40 VE, .40 caliber pistol, SN: FXL0004

16. SA Maldonado was able to determine that both firearms were manufactured outside of the State of Texas, and therefore traveled in interstate and/or foreign commerce.

## CONCLUSION

17. Based on the foregoing facts, your Affiant respectfully submits cause to believe that Victor Alberto MUZQUIZ-Salum did knowingly possess a firearm, in violation of 18 U.S.C. § 922(g)(5).

TRISTAN E. HYLAND
Special Agent
Federal Bureau of Investigation

SUBSCRIBED AND SWORN TO BEFORE ME THIS ____ DAY OF August 2020.

HONORABLE HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE

4